**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PERRY B. BEVERAGE,

          Plaintiff-Appellant,

v.

SHELTER MUTUAL INSURANCE
COMPANY, a Missouri Corporation;
SHELTER GENERAL INSURANCE
COMPANY, a Missouri Corporation;
SHELTER LIFE INSURANCE CO., a
Missouri Corporation; and SHELTER
FINANCIAL SERVICES, INC., a
Missouri Corporation,

          Defendants-Appellees.

No. 97-6104
(D.C. No. 96-CV-471)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Perry B. Beverage appeals from the district court's order granting defendants' motion for sanctions for not providing discovery to defendants in a timely manner. The dispute turns on whether Mr. Beverage or his lawyer was responsible for the delay. The trial court held a hearing at which both Mr. Beverage and his counsel testified. The trial court determined counsel to be the more credible witness and imposed the sanctions on Mr. Beverage.

We review the imposition of sanctions for abuse of discretion, see Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994), and defer to the district court's evaluation of the credibility of witnesses, see Fed. R. Civ. P. 52(a) ("due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses"). We cannot say the trial court's credibility determination was clearly erroneous or that its order imposing sanctions was an abuse of discretion.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge